LMF: USAO 2012R00776

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PJM 12 CR 0614 |
| | * | |
| TROY WALKER, | * | (Sex Trafficking, 18 U.S.C. § 1591(a); |
| a/k/a "Caveman," | * | Forfeiture, 18 U.S.C. § 1594(e)) |
| | * | |
| Defendant | * | |
| | * | |

*******

## INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

Between on or about April 13, 2012 and on or about September 15, 2012, in the District of Maryland and elsewhere, the defendant,

**TROY WALKER,**
a/k/a/ "Caveman,"

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person – namely, A.G., a 17-year-old female – and did benefit financially and by receiving anything of value from participation in a venture engaged in such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud and coercion as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause A.G. to engage in a commercial sex act, and knowing, and in reckless disregard of the fact, and having had a reasonable opportunity to observe A.G., that A.G. had not attained the age of 18 years and would be caused to engage in a commercial sex act.

18 U.S.C. § 1591(a)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further charges that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1594(e)(1) and (2), in the event of the defendant's conviction on Count One of this Indictment.

2. As a result of the offense set forth in Count One of this Indictment, the defendant,

**TROY WALKER,**
a/k/a/ "Caveman,"

shall forfeit to the United States of America:

    a. Any property, real or personal, constituting, traceable or derived from to gross profits or other proceeds obtained, directly or indirectly, from the offense;

    b. The defendant's interest in any property, real or personal, used or intended to be used to commit or to promote the commission of the offense.

3. If any of the property described above as being subject to forfeiture pursuant to 18 U.S.C. § 1594(e)(1) and (2), as a result of any act or omission of the defendant,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be subdivided without difficulty;

the United States intends to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

18 U.S.C. § 1594(e)

*Rod J. Rosenstein* /jw
Rod J. Rosenstein
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

11-28-2012
Date