FILED _____ _____ENTERED
_____LODGED _____RECEIVED

JUL 2 7 2015

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **TROY WALKER,** *pro se* | * | |
| | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil No. **PJM 14-2366** |
| | * | Crim. No. **PJM 12-0614** |
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Respondent | * | |

## MEMORANDUM OPINION

Troy Walker, *pro se*, has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 49. Having considered the Motion and the Government's Opposition, the Court will **DENY** the Motion.

### I.

The Government charged Walker in a one-count Superseding Information with transporting a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). ECF No. 22.[1] Two days later, Walker pleaded guilty to the Superseding Information. ECF No. 24.

According to the Statement of Facts attached to the Plea Agreement, ECF No. 26-1, in March of 2012, A.G., a 17-year-old woman, was forced out of her home by her parents and met Walker through a friend who worked at "parties" hosted by Walker. Walker, who hosted parties through a company called "Quest for Fire," asked A.G. to work at one of these "parties." The parties were advertised on Backpage.com in the adult escort section as sex parties or "gang bangs." Interested individuals would text Walker at the cellular phone number listed in the

---

[1] The Grand Jury originally returned a one-count Indictment charging Troy Walker with sex trafficking of children or by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a). ECF No. 1.

advertisement and Walker would send the location of the party back to them. At these parties, guests would pay for entry into a residence where they would engage in sexual acts with women provided by Walker.

In August of 2012, Walker rented and paid for an apartment with A.G., and had her engage in sexual acts with men and women at his "gang-bang parties." Walker posted A.G.'s photo in advertising for the parties on Backpage.com. He provided transportation for A.G. to these parties, which included transporting her between Washington, D.C. and Maryland. A.G. worked at approximately seven parties for Walker, the first on April 1, 2012, and the last on September 15, 2012. The parties took place in Prince George's County at multiple locations. At the parties, A.G. would engage in oral and vaginal sex with clients. Walker kept a portion of the proceeds made at these parties. At the time that A.G. worked at these parties for Walker, she was 17 years of age. A.G. would have testified that, on several occasions, Walker engaged in physical altercations with her.

At Walker's rearraignment before this Court, he was advised that he had been charged in a one-count Superseding Information with transporting a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a).The Court asked whether Walker understood, to which he replied, "I do." ECF No. 60-3, at 5:12-16. The Court then asked Walker if the facts contained in the Plea Agreement and orally recited by the Government were accurate, to which he responded, "[t]hat's accurate." *Id.* at 24:22-24. Walker then indicated that he was agreeing to the Plea Agreement voluntarily and admitted that he understood everything about the proceedings. *Id.* at 25:13-23. Essentially identical admissions had been made by him in his written Plea Agreement. ECF No. 26.

The Court eventually sentenced Walker to the mandatory minimum of 120 months

imprisonment and 10 years supervised release. ECF No. 40. The Judgment became effective on the same day. Walker did not appeal.

On July 25, 2014, Walker filed a timely Motion to Vacate, Set Aside, or Correct Sentence with this Court, pursuant to 28 U.S.C. § 2255. ECF No. 49. He filed what he styled an "Amended Motion to Vacate" on December 15, 2014. The Government filed an Opposition to Walker's Motion to Vacate on February 1, 2015, ECF No. 60, and Walker filed what the Court will construe as a Reply on May 15, 2015. ECF No. 61.[2]

## II.

Having reviewed Walker's pro se petition, the Court distills his claims as follows: that the Court (1) violated Rules 11 and 7 of the Federal Rules of Criminal Procedure, as well as the Equal Protection Clause of the U.S. Constitution; (2) did not allow Walker an opportunity to make an informed plea; (3) violated his Fifth Amendment "right to a Grand Jury Process," as well as his Sixth Amendment right to confront witnesses against him; (4) did not allow him an opportunity to make a voluntary plea; and (5) lacked jurisdiction over this matter. Walker also alleges that counsel was ineffective for failing to properly investigate his case, to provide Walker with the "definition of prostitution," or to move to withdraw Walker's plea after learning that the victim allegedly lied about her age to Walker.

The Government responds that all of Walker's grounds for relief are either procedurally defaulted, or otherwise without merit.

## III.

The Court first considers whether Walker's claims are procedurally defaulted.

Failure to raise certain issues on direct appeal may render them procedurally defaulted on collateral review. Since collateral attack is not a substitute for appeal, claims not raised on direct

---

[2] The Court notes that Walker's Reply was untimely, and filed without a Motion for Enlargement of Time to Reply.

appeal may not be considered on collateral review. *United States v. Frady*, 456 U.S. 152, 165 (1982). However, a defendant may obtain collateral relief if he can demonstrate "cause" and "actual prejudice," or show actual innocence. *Id.* at 167-168; *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994). The standard for prejudice is that the alleged error that led to the issue not being brought up on appeal worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error." *Frady*, 456 U.S. at 170.

Walker argues that the Court and the Government violated Rule 11 of the Federal Rules of Criminal Procedure because a) the Government allegedly never presented—and Walker never admitted—facts that satisfied the "intent" element or the knowing transportation element of his conviction under 18 U.S.C. § 2423(a); and because b) the Government failed to provide him with a "definition of prostitution." He also submits that the Government's alleged failure to present such facts and definitions amounts to a violation of Rule 7 of the Federal Rules of Criminal Procedure, as well as the Equal Protection Clause of the U.S. Constitution.

Walker next alleges that he pleaded guilty to violating 18 U.S.C. § 2423(a) because he was unaware that the Government knew during plea negotiations that A.G. allegedly lied about her age to Walker. He submits that in order to obtain a conviction under 18 U.S.C. § 1591(a), the Government would have needed to prove that he knew A.G. was a minor. Walker argues that, had he been aware that the Government allegedly knew A.G. was lying about her age, he would never have pleaded guilty to 18 U.S.C. § 2423(a), and would instead have proceeded to trial under 18 U.S.C. § 1591(a). Accordingly, Walker argues that his plea was involuntary.

Walker also argues that his Fifth Amendment "right to a Grand Jury process" was violated because the original Indictment was based on A.G.'s lie, and that his Sixth Amendment right to confront witnesses against him was also violated.

Walker also argues that his plea was involuntary because he was under the impression that various sentencing enhancements would apply if he went to trial under 18 U.S.C. § 1591(a), but in fact such enhancements did not apply.

Finally, Walker argues that the Court lacked jurisdiction over this matter.

As previously noted, Walker did not raise any of these issues on direct appeal because he never filed a direct appeal. He makes no attempt to demonstrate "cause" to excuse his procedural default. Accordingly, each of these claims is procedurally defaulted. But even assuming that these claims were not procedurally defaulted and were cognizable on collateral review, each claim lacks merit.

The Government argues that the Court did not violate Rule 11 or Rule 7 in accepting Walker's guilty plea and the Court agrees. Without question, the Plea Agreement, which Walker acknowledged as "accurate," contains a factual statement clearly sufficient to establish Walker's intent to have A.G. engage in prostitution, as well as the other elements of the offense.

With respect to Walker's claims related to A.G.'s supposed lie regarding her age, the Government submits facts that Walker pleaded guilty to an entirely different charge—18 U.S.C. § 2423(a); thus, the Government's ability to prove the "knowledge" element of 18 U.S.C. § 1591(a) is wholly irrelevant. But even if subsection (c) of 18 U.S.C. § 1591 were relevant, it provides that when a defendant had a reasonable opportunity to observe the transported victim, the Government need not prove that the defendant knew that the person had not attained the age of 18 years. The Court has no difficulty concluding that Walker had a reasonable opportunity to observe A.G., such that the Government would not have needed to prove that Walker knew A.G. was a minor.

The Government also argues that Walker's claim that he did not understand various

5

sentencing enhancements to which he might be exposed lacks credibility and again the Court

agrees. Walker orally indicated that he agreed to the Plea Agreement voluntarily and admitted

that he understood everything about the proceedings. ECF No. 60-3, at 25:13-23.

Finally, because Walker pleaded guilty to a federal crime, the Court clearly had

jurisdiction over this case.

### IV.

The Court next considers Walker's ineffective of counsel claims, which are not

procedurally defaulted. However, these claims fail to meet the *Strickland* standard and have no

merit.

The two-part test from *Strickland v. Washington*, 466 U.S. 668 (1984), governs an

ineffective assistance of counsel claim. First, the petitioner must show that counsel's

performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688.

Second, the petitioner must demonstrate prejudice by showing that "but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. If

prejudice is lacking, the court need not even consider the quality of counsel's performance. *Id.* at

697.

Walker argues that counsel was ineffective for failing to properly investigate his case,

claiming that counsel failed to subpoena records of A.G.'s SmarTrip card. Had counsel done so,

Walker says, counsel might have uncovered information proving that Walker did not transport

A.G. across state lines. Armed with such evidence, he continues, the Government could not

prove that element of interstate commerce, and thus, Walker would not have pleaded guilty and

would instead have gone to trial.

The Government submits that counsel's decision not to ask the Court to subpoena records

of A.G.'s SmarTrip card was not objectively unreasonable. The Court also believes it was not. Indeed, as the Government points out, issuing the subpoena might have potentially led to a longer sentence for Walker because he might have lost eligibility for a sentence reduction on the basis of acceptance of responsibility. Nor can Walker show that he was prejudiced by the lack of investigation. Merely showing that A.G. on more than one occasion might have transported herself—e.g., that she took the Metro across state lines, as opposed to Walker driving her in a car across state lines—would not disprove that Walker directed her to use a certain mode of transportation, nor would it show whether he paid for her transportation.

Walker next argues that counsel was ineffective for failing to provide him with the "definition of prostitution." Had he "known that his conduct had to involve the express agreement to provide a sexual act in exchange for money or something of value, he says, he would not have plead[ed] guilty." ECF No. 57, at 6. This would be because, according to Walker, "[a]llowing people to have sex on the premises is not the same as paying for sex. To amount to prostitution, people would have to pay for specific sex acts." *Id.* at 7. Had counsel explained to Walker that "there had to be more than just an entry fee to be considered prostitution," says Walker, he would not have pleaded guilty. *Id.* at 8.

The Government argues that it was not objectively unreasonable for counsel to be under the impression that Walker understood any relevant definition of the offense conduct for which Walker was charged, including "prostitution." The Court agrees. When the Court asked Walker whether there was anything about the proceedings that he did not understand, he responded, "I understand everything." ECF No. 63 at 25:13-23.

More fundamentally, Walker cannot show that he was prejudiced by counsel's failure to provide Walker with a "definition of prostitution." Indeed, the conduct to which Walker pleaded

guilty is plainly criminalized by 18 U.S.C. § 2423(a), which prohibits the knowing interstate transportation of a minor "with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense." Here, according to the Statement of Facts in the Plea Agreement agreed to by Walker, clients paid to attend sex parties that Walker organized. Clients would pay for entry into a residence, which would allow them to engage in sexual acts with women provided by Walker. Walker routinely asked the victim, who was 17 years of age, to "work" at these parties, at which time the victim engaged in sexual acts with clients, after which Walker kept a portion of the fees charged to the customers. Whether or not counsel gave a "definition of prostitution" to Walker, he would still be guilty of violating 18 U.S.C. § 2423(a) based on the facts he pleaded guilty to.

Walker's grievance, it seems, is not really that counsel failed to provide him with a "definition of prostitution." Rather, it seems to be that counsel failed to pursue a legal theory that there is a difference between charging an "entry fee" to allow clients to enter a sex party versus paying for a specific sexual act, such that his conduct was not criminalized by 18 U.S.C. § 2423(a). Walker, of course, cites no authority for his novel theory, and the Court cannot imagine one on its own. Walker's counsel was not objectively unreasonable for failing to propose or pursue such a theory.

Finally, Walker argues that counsel was ineffective for failing to move to withdraw Walker's plea after learning that A.G. had lied to Walker about her age.[3] Accordingly, as previously discussed, Walker argues that his plea was involuntary and that, upon discovering this fact, counsel should have moved to withdraw Walker's plea.

The Government submits that it was not objectively unreasonable for counsel to decline

---

[3] Walker also claims that counsel was ineffective because Walker should have been able to confront A.G. regarding her alleged lie, but Walker does not cite this act of counsel as constitutionally ineffective. Since Walker was pleading guilty, as opposed to going to trial, he had no right to confront A.G. at the plea colloquy.

to move to withdraw Walker's plea on the basis of this supposedly new information. The Court agrees. Walker pleaded guilty to an entirely different charge—the violation of 18 U.S.C. § 2423(a)—which did not require Walker to know A.G. was a minor. *See United States v. Jones*, 471 F.3d 535, 538 (4th Cir. 2006). Even assuming that this claim—not asserted in Walker's original motion—had been timely made, the Court concludes that counsel was not objectively unreasonable for failing to move to withdraw Walker's plea.

Finally, even if Walker had managed to withdraw his plea, and undo his waiver of (in this case, Superseding) Indictment with respect to the 18 U.S.C. § 2423(a) charge, Walker had no guarantee that the Government would then have chosen to proceed against him under 18 U.S.C. § 1591(a), rather than seeking a Superseding Indictment under 18 U.S.C. § 2423(a). But, as already observed, even if the Government had elected to proceed under 18 U.S.C. § 1591(a), the fact remains that 18 U.S.C. § 1591(c) provides that when the defendant had a reasonable opportunity to observe the transported victim, it need not prove that the defendant knew that the person had not attained the age of 18 years. Walker, without a shadow of a doubt, had reasonable opportunities to observe A.G. As a result, the Government would not have needed to prove that Walker knew A.G. was a minor. He suffered no prejudice by counsel's failure to move to withdraw his plea on this basis.

## V.

For the foregoing reasons, Walker's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**.

## VI.

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the

9

applicant." A certificate of appealability will not issue absent "a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 474

(2000); *Miller-El v. Cockrell*, 537 U.S. 322, 322. A prisoner satisfies this standard by

"'demonstrat[ing] that reasonable jurists would find that any assessment of the constitutional

claims by the district court is debatable or wrong,'" and that any dispositive procedural ruling by

the district court is likewise debatable. *Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at

484). The Court has considered the record and finds that Walker has not made the requisite

showing here.

     A separate Order will **ISSUE.**

/s/

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**July __, 2015**