IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JUL 29  P 4: 25

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

| | |
|---|---|
| **TROY WALKER,** *pro se* | * |
| | * |
| Petitioner | * |
| | * |
| v. | *   Civil No. **PJM 14-2366** |
| | *   Crim. No. **PJM 12-0614** |
| | * |
| **UNITED STATES OF AMERICA** | * |
| | * |
| Respondent | * |

## MEMORANDUM ORDER

Troy Walker, *pro se*, has moved for reconsideration of the Court's denial of his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 67.

On June 12, 2013, Walker pleaded guilty to a one-count Superseding Information charging him with transporting a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). He was subsequently sentenced to the mandatory minimum of 120 months imprisonment and 10 years supervised release. ECF No. 40. He did not appeal this sentence.

On July 25, 2014, Walker filed a timely Motion to Vacate, Set Aside, or Correct Sentence with this Court, pursuant to 28 U.S.C. § 2255. ECF No. 49. He filed what he styled an "Amended Motion to Vacate" on December 15, 2014. The Government filed an Opposition to Walker's Motion to Vacate on February 1, 2015, ECF No. 60, and, on May 15, 2015, Walker filed a submission entitled "Memorandum Pursuant to Rule (7) Expansion of Record," which the Court construed as his Reply. ECF No. 61.

The Court denied Walker's Motion to Vacate, as well as a certificate of appealability, in a Memorandum Opinion and Order dated July 27, 2015. ECF Nos. 62, 63. The Court concluded

most of Walker's claims were procedurally defaulted because he had not filed an appeal, and he made no attempt to demonstrate "cause" to excuse his procedural default. ECF No. 62 at 4-5. Further, regarding Walker's ineffective assistance of counsel claims, which were not procedurally defaulted, he failed to demonstrate his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by his counsel's conduct, pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). *See id.* at 6-9.

On August 31, 2015, Walker moved to Alter or Amend the Judgment pursuant to Rule 59(e). ECF No. 67. In his motion, he takes issue with the fact that the Court construed his filing entitled "Rule (7) for Expansion of Record" as his reply. Walker submits that he should now be given the opportunity to file a reply regarding his Motion to Vacate, because the Court did not alert him when his reply was due.

The Court, albeit delayed, now takes up the Rule 59(e) Motion. A final judgment may be amended pursuant to Rule 59(e) in only three limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

While Walker states that the Court committed an "error of law" in construing his "Expansion of Record" submission as his reply and not notifying him of when to file a reply, such an argument fails to persuade. After Walker received the Government's response, some three months later, he filed a submission entitled "Memorandum Pursuant to Rule (7) for Expansion of Record," which—in addition to requests for discovery—provided some counterpoints to the Government's response. Now, having filed a Rule 59(e) Motion, Walker simply alleges that, had he filed an additional submission, "the outcome of the proceeding would

have been different." *See* ECF No. 67 at 2. He provides no further explanation. He does not mention any error as to the merits of the Court's denial of his Motion to Vacate—either regarding "cause" to overcome his procedural default of most of his claims, or as to demonstrate, under *Strickland*, that his counsel was unconstitutionally defective and prejudicial in assisting him in entering into a plea agreement with the Government.

Accordingly, it is hereby **ORDERED** that:

1. Walker's Motion to Alter or Amend Pursuant to Rule 59(e) is **DENIED**; and
2. The Clerk is directed **TO MAIL** a copy of this Memorandum Order to Walker.

                                    /s/
                      **PETER J. MESSITTE**
              **UNITED STATES DISTRICT JUDGE**

**July 29, 2016**