IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TROY WALKER, | * |
| Petitioner, | * |
| v. | * Civil No. **14-2366 PJM** |
| | * Crim. No. **12-614 PJM** |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

## MEMORANDUM OPINION

On June 12, 2013, Troy Walker pleaded guilty to a single count of transporting a minor with intent to engage in criminal sexual activity, in violation of the Mann Act, 18 U.S.C. § 2423(a). The Court sentenced Walker to 120 months of imprisonment and 10 years of supervised release. Walker has since filed numerous *pro se* motions for post-conviction relief. This opinion addresses four of his most recent *pro se* motions.[1] *See* ECF Nos. 80, 82, 83, 91. For the reasons provided below, the Court denies these motions.

### I.

On December 23, 2019, Walker filed a *pro se* Motion for Modification of Term of Imprisonment Pursuant to 18 U.S.C. 3582(c)(2) and 18 U.S.C. 3583, ECF No. 80, contending that "extraordinary and compelling circumstances exist that warrant such a Reduction in Sentence," *id.* at 1. The Government responded in opposition to this motion on July 13, 2020. ECF No. 89.

Section 3582(c)(2) of Title 18 of the U.S. Code permits the Court to modify a term of imprisonment where the defendant was sentenced based on a sentencing range that "has subsequently been lowered by the Sentencing Commission." In his motion, Walker does not allege

---

[1] This opinion and accompanying order do not address Walker's motion for compassionate release, which remains pending. *See* ECF No. 84.

any pertinent change to the Sentencing Guidelines. The statutory minimum sentence of 10 years, to which Walker was sentenced, has not changed, *see* 18 U.S.C. § 2423(a), nor have the applicable Sentencing Guidelines changed, *see* U.S.S.G. § 2G1.3.

Walker makes various other arguments unsupported by the facts or the law. *See* ECF No. 80, at 1 (incorrectly asserting that, under 18 U.S.C. § 3551, the Court did not have jurisdiction to sentence him in the District of Maryland because he committed crimes in Washington, D.C.); *id.* at 2 (alluding to a Fifth Amendment double-jeopardy violation, the basis for which is unclear). To the extent that Walker is challenging his sentence, the Court understands his argument to be largely repetitive of his previous motion under 28 U.S.C. § 2255, which the Court denied. *See* Mem. Op., ECF No. 62 (denying Motion to Vacate, ECF No. 49). Successive motions under section 2255 may only be filed with certification by a panel of the Fourth Circuit, *see* 28 U.S.C. § 2255(h), and Walker has received no such certification.

Accordingly, Walker's Motion for Modification of Term of Imprisonment is **DENIED**.

## II.

On March 9, 2020, Walker filed a *pro se* Motion for an Order to Arrest Judgment, Pursuant to Rule 34(A), ECF No. 82, arguing that the Court lacked jurisdiction under 18 U.S.C. § 3551(A) and D.C. Code 11-502(3), *see id.* at 7. On August 17, 2020, Walker filed a *pro se* Motion for Relief from a Final Judgment or Order, ECF No. 91, repeating many of the same arguments and asking the Court to "reopen his 2255" motion for lack of subject-matter jurisdiction, *see id.* at 13. The Government declined to respond substantively to either motion. *See* Correspondence, ECF No. 95.

To the extent that Walker raises new arguments contending that the Court lacked jurisdiction over this case, those arguments have no merit. First, Walker misreads section 3551(A), which provides in relevant part that "a defendant who has been found guilty of an offense described in any Federal statute . . . , other than an Act of Congress applicable exclusively in the District of

Columbia or the Uniform Code of Military Justice, shall be sentenced" according to federal statutory sentencing provisions. Walker appears to argue that his crime falls under an act "applicable exclusively in the District of Columbia," *see* ECF No. 82, at 4, but he pleaded guilty to a violation of the Mann Act, 18 U.S.C. § 2423(a)—which is not applicable exclusively in the District of Columbia—and was thus properly sentenced according to federal sentencing procedures.

Second, Walker appears to assert that jurisdiction over this case is committed exclusively to the U.S. District Court for the District of Columbia under D.C. Code 11–502(3). *See* ECF No. 82, at 5; ECF No. 91, at 7–12. That law commits jurisdiction to the District of Columbia for an "offense under any law applicable exclusively to the District of Columbia which offense is joined in the same information or indictment with any Federal offense." D.C. Code 11–502(3). The indictment in this case charged Walker with only one offense, *see* ECF No. 1, which, in any event, is neither exclusively applicable to the District of Columbia nor joined with another federal offense.

To the extent that these motions might be treated as successive motions under section 2255, again, Walker has received no certification from the Fourth Circuit that would permit such a motion.

Accordingly, Walker's Motion for an Order to Arrest Judgment, Pursuant to Rule 34(A) and Motion for Relief from a Final Judgment or Order are **DENIED**.

### III.

On March 30, 2020, Walker filed a Motion for Appointment of Counsel, ECF No. 83. Walker does not identify any particular purpose for appointment of counsel but states that he "seeks representation for crimes exclusive to the District of Columbia that were part of his charged information and 'Statement of Facts.'" ECF No. 83, at 3. The indictment in this case did not charge

Walker with "crimes exclusive to the District of Columbia," *see* ECF No. 1, so there is no basis for appointment of counsel. Accordingly, the Motion for Appointment of Counsel is **DENIED**.[2]

A separate order will issue.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[2] The Court already appointed counsel under the Criminal Justice Act to represent Walker on his pending motion for compassionate release. *See* Order, ECF No. 88.